JEWEL VIVIAN DOUGLASS, PETITIONER-DEFENDANT IN CERTIORARI, v. RIGGS DISLER COMPANY, RESPONDENT-PROSECUTOR IN CERTIORARI.

Submitted May 3, 1938—Decided August 19, 1938.

Before Justices CASE, DONGES and PORTER.

For the petitioner-defendant, *Samuel T. French, Jr.* (*Samuel T. French*, of counsel).

For the respondent-prosecutor, *Carroll & Taylor* (*A. Millard Taylor*, of counsel).

The opinion of the court was delivered by

PORTER, J. This is a case arising out of the Workmen's Compensation statute and resulted in an award to petitioner by the Workmen's Compensation Bureau. An appeal from the award to the Camden County Court of Common Pleas resulted in an affirmance. The writ of *certiorari* brings that determination to us for review.

The facts do not appear to be disputed: The husband of petitioner, William N. Douglass, was employed as an elec-

trician by the Riggs Disler Company, respondent-prosecutor; that he was at work with fellow employes in removing a broken cable from the Delaware river bridge on June 3d, 1936, which was laborious work; that it was a very warm day; and that the deceased became ill and was taken to his home before the close of the day's work. A physician was called who treated him and diagnosed the ailment as heat exhaustion. The death occurred as a result thereof on June 4th, 1936. The other workmen engaged in the same work with deceased did not suffer heat exhaustion nor did other workmen engaged in laborious work in the immediate vicinity on the same day.

The sole question is whether this death is compensable under the statute.

The judge of the Common Pleas found:

"That Mr. Douglass died as a result of the heat exhaustion which he suffered as a direct consequence of the work upon which he was engaged, and which, because of its nature and incidents, laid upon him a risk of such injury different from, and beyond that to which the weather conditions subjected others not so engaged."

We conclude that the testimony established those facts and that the decision below was right. The fact that others were not affected by the work and weather conditions on the same day is not enough to disprove liability. Conditions of the general health of the individual must be considered. *Kauffeld* v. *G. F. Pfund & Sons,* 97 *N. J. L.* 335; *Richter* v. *E. I. Du Pont de Nemours & Co.,* 118 *Id.* 404; *affirmed,* 119 *Id.* 427.

The writ will be dismissed, with costs.